NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASMAR THOMPSON, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | CIVIL NO. 05-3555 (JBS) |
| v. | |
| ROBERT GOGATS, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

This matter comes before the Court on the motion of one defendant, Philip E. Haines, for summary judgment pursuant to Fed. R. Civ. P. 56 [Docket Item 18].[1]  The motion is unopposed. Plaintiff, Asmar Thompson, an inmate currently confined to the Burlington County Jail, brought this lawsuit under 42 U.S.C. § 1983 against several Burlington County officials and Peter C. Harvey, former Attorney General of New Jersey, alleging claims under the Eighth and Fourteenth Amendments resulting from a staph infection that reportedly circulated in the Burlington County Jail during his confinement.  Plaintiff claims that he was subjected to mental and emotional injuries but alleges no physical injury.

---

[1] That item is incorrectly listed on the docket as a motion for summary judgment by Freeholder of Burlington County.

In his Complaint, Plaintiff named Defendant Philip Haines as the Administrator of the Burlington County Detention Center. However, in support of his motion for summary judgment, Defendant Haines submitted documentation tending to show that this was an error. Defendant Haines submitted an affidavit explaining that he has been the Burlington County Clerk since January 2000 and has never been responsible for the administration of the Burlington County Department of Corrections; nor, Haines swears, has he ever had any authority with regard to policies affecting the inmates.

Summary judgment is appropriate when the record shows "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party and extend any favorable inference to that party. See Hunt v. Cromartie, 526 U.S. 541, 552 (1999). However, the non-moving party may not merely rest on its pleadings when the materials of record indicate that summary judgment is appropriate.

> Although entitled to the benefit of all justifiable inferences from the evidence, the nonmoving party may not, in the face of a showing of a lack of a genuine issue, withstand summary judgment by resting on mere allegations or denials in the pleadings; rather, that party must set forth 'specific facts showing that there is a genuine issue

>     for trial,' else summary judgment, 'if
>     appropriate,' will be entered.

<u>U.S. v. Premises Known as 717 South Woodward Street, Allentown,
Pa.</u>, 2 F.3d 529, 533 (3d Cir. 1993) (quoting Fed. R. Civ. P.
56(e))(citations omitted).

In this case, it appears that Defendant Philip Haines was named in error.  There seems to be no genuine issue that this defendant was responsible for any conduct or policies complained of by Plaintiff.  Because Plaintiff has not responded to this motion with any evidence that Defendant Haines had any responsibility for the administration of the Department of Corrections or the health policies at Burlington County Correctional facilities, the Court will grant this Motion for Summary Judgment.

The Court previously granted the motion to dismiss of Attorney General Harvey [Docket Item 20] after finding that 42 U.S.C. § 1997e bars prisoners' claims for emotional distress when there is no proof of physical injury.  The Complaint, while accusing the defendants of playing down the seriousness of staph infections in the jail, does not allege that Plaintiff actually suffered any physical injury; upon these pleadings, such a Complaint fails to state a claim for pain and suffering under 42 U.S.C. § 1983 arising from conditions of confinement.  Therefore, the Court is concerned about the viability of the claims against the remaining defendants in this action and is considering

dismissing all claims pursuant to the authority of 28 U.S.C. § 1915(e)(2)(B).  Accordingly, Plaintiff has twenty (20) days to come forward with admissible evidence of physical injury caused by the remaining defendants or the case will be dismissed as to all remaining defendants.[2]

The accompanying Order will be entered.


**November 13, 2006**             s/ Jerome B. Simandle
Date                              Jerome B. Simandle
                                  United States District Judge

---

[2]  It is noted that the Court has authority to review the pleadings in a conditions of confinement case and to dismiss any complaint that appears to be legally frivolous or that fails to state a claim upon which relief may be granted.  See  28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Because at least some of the remaining defendants have been served and have not themselves raised this basis for dismissal, however, the Court is giving Mr. Thompson this twenty-day opportunity to clarify his defective Complaint by presenting evidence of actual physical injury, as stated above.